**E-FILED**
Tuesday, 18 October, 2016  11:01:02 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| YVONKIA STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 14-3265 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Plaintiff Yvonkia Stewart's Motion to Supplement the Record on Appeal (d/e 40). Whether the Motion is construed as a motion under Federal Rule of Appellate Procedure 10(e) or Federal Rule of Civil Procedure 60(b)(2), the Motion is DENIED.

## I. BACKGROUND

On April 23, 2010, Plaintiff filed with the Social Security Administration a Title II application for a period of disability and disability benefits and a Title XVI application for supplemental

security income.  The Administrative Law Judge (ALJ) held a
hearing on March 22, 2012 and a supplemental hearing on
December 4, 2012.  On February 18, 2013, the ALJ denied
Plaintiff's applications, concluding that Plaintiff was not disabled
under the Social Security Act.  After the Appeals Council declined to
review the ALJ's decision, Plaintiff filed a complaint in this Court
requesting judicial review.  See Schmidt v. Barnhart, 395 F.3d 737,
741 (7th Cir. 2005) (noting that "[t]he denial of review [by the
Appeals Council] converted the ALJ's decision into the decision of
the Social Security Commissioner for purposes of judicial review").

In her motion for summary judgment before this Court,
Plaintiff argued that the Commissioner's decision was not
supported by substantial evidence.  Plaintiff also submitted new
evidence that she claimed would lead to a different conclusion
about the extent of her functional limitations.  Plaintiff asked for a
remand under sentence six of 42 U.S.C. § 405(g) so that the new
evidence could be considered by the Commissioner.

On March 31, 2016, this Court entered an Opinion affirming
the Commissioner's decision.  See Opinion (d/e 30).  Specifically,

this Court found that the decision was supported by substantial

evidence and the new evidence did not create a reasonable

probability that the ALJ would have reached a different conclusion.

On May 25, 2016, Plaintiff filed her Notice of Appeal (d/e 32).

On October 3, 2016, Plaintiff filed the Motion to Supplement the

Record on Appeal at issue herein.[1]

## II. PLAINTIFF'S MOTION TO SUPPLEMENT
## THE RECORD ON APPEAL

In her Motion, Plaintiff claims that the documents she seeks to

include in the record on appeal were entered into evidence in the

district court and/or are relevant to the subject of the appeal.

Plaintiff describes the new evidence as including: (1) a  Functional

Capacity Evaluation dated March 8, 2016; (2) a Functional Capacity

Evaluation dated March 8, 2016, reprinted May 5, 2016; (3) an

Obstetrics and Gynecology consultation medical record dated

March 10, 2016; (4) an HSHS St. John's Hospital Medical Report

---

[1] A review of the docket in the Seventh Circuit reveals that Plaintiff submitted supplemental medical records in support of her opening brief that did not appear to have been filed in the district court.  The Seventh Circuit found that, to the extent Plaintiff was seeking leave to supplement the record, the request was denied without prejudice to renewal in the district court.  See Stewart v. Colvin, 16-2284 d/e 15 (7th Cir. September 26, 2016).  On October 12, 2016, the Seventh Circuit granted Defendant's motion to stay the appellate proceedings pending this Court's resolution of Plaintiff's motion.  See d/e 42.

dated April 5, 2016; (5) a Functional Capacity Evaluation Amendment dated September 1, 2016; (6) a Vocational Rehabilitation Functional Limitation Report dated September 16, 2016, correlating with the Functional Capacity Evaluations of March and September 2016; (7) an article entitled Reflex Seizures and Reflex Epilepsy from the American Journal of Electroneurodiagnostic Technology; and (8) a copy of Plaintiff's Medical Billing and Coding diploma from the Ultimate Medical Academy dated August 2016.  Pl. Mot. at 5.  Contrary to Plaintiff's assertion, none of this evidence was previously presented to this Court.

### III. ANALYSIS

A timely notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. Griggs v. Provident  Consumer Discount Co.,  459 U.S. 56, 58 (1982).  Where, as here, the appeal is taken from a judgment that determines the entire action, the filing of the notice of appeal divests the district court of the power to take any further action in the proceeding "except in aid of the appeal, to correct clerical

mistakes under Fed.R.Civ.P. 60(a), or in aid of execution of a judgment that has not been stayed or superseded." Henry v. Farmer City State Bank, 808 F.2d 1228, 1240 (7th Cir. 1986).

Under Rule 10(e) of the Rules of Appellate Procedure, a party can move to correct or modify the record on appeal.  Fed.R.App.P. 10(e).  Such motions should first be presented to the district court. See Fed.R.App.P. 10(e); Seventh Circuit Rule 10(b) (providing that motions to correct or modify the record pursuant to Rule 10(e) of the Rules of Appellate Procedure or a motion to strike matter from the record on appeal should be presented first to the district court); see also, e.g., Zimmerman v. Chi. Bd. of Trade, 360 F.3d 612, 622 (7th Cir. 2004) (a motion to strike matters from the record on appeal must first be presented to the district court).  The purpose of Rule 10(e) is to ensure that the Court of Appeals has a complete record of the proceedings before the district court.  United States v. Elizalde-Adame, 262 F.3d 637, 641 (7th Cir. 2001).  The Rule does not, however, permit a party to add materials to the record on appeal that were not before the district court.  Id. at 640. Therefore, while this Court has jurisdiction to entertain a Rule 10(e)

motion, Plaintiff's motion is not properly brought pursuant to Rule 10(e) because Plaintiff seeks to add new material to the record on appeal that was not before this Court.

Defendant suggests that Federal Rule of Civil Procedure 60(b)(2) provides the proper procedure for Plaintiff to seek relief, although Defendant denies that Plaintiff is entitled to the relief she seeks.  Under Rule 60(b)(2), a court may relieve a party from a final judgment on account of newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).  Fed.R.Civ.P. 60(b)(2).  When a timely Rule 60(b) motion is filed but the court lacks the authority to grant it because of a pending appeal, the court may defer ruling on the motion, deny the motion, or state either that it would grant the motion if the Court of Appeals remands for that purpose or that the motion raises a substantial issue.  Fed.R.Civ.P. 62.1(a); see also Seventh Circuit Rule 57 (providing that, when a party files a motion to modify a final judgment while the case is pending on appeal, the district court can indicate whether it is inclined to grant the motion, in which case the Court of Appeals will

remand the case so that the district court can modify the judgment).  Therefore, this Court could treat Plaintiff's motion as one brought under Rule 60(b)(2) and, if inclined to grant the motion and remand the matter to the ALJ to consider the new evidence, so advise the Seventh Circuit.

The Court agrees with Defendant's proposed approach and will treat the motion as one brought under Rule 60(b)(2).  For the reasons that follow, however, the Court denies Plaintiff's motion because the evidence Plaintiff submitted is not material and the case should not be remanded to the ALJ for consideration of that evidence.

Specifically, a district court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"  42 U.S.C. § 405(g).  Evidence is new if it did not exist or was not available at the time of the administrative proceeding.  <u>Schmidt</u>, 395 F.3d at 742.  Evidence is material "if there is a reasonable probability that

the ALJ would have reached a different conclusion had the evidence been considered." Id. (quotations and citations omitted).  That is, new evidence is material if it is relevant to the plaintiff's condition during the relevant time period.  Id.  Medical evidence that postdates the ALJ's decision does not meet the materiality requirement unless it speaks to the patient's condition at or before the time of the administrative hearing because otherwise such evidence could not have affected the ALJ's decision.  Getch v. Astrue, 539 F.3d 473, 484 (7th Cir. 2008).

The new medical evidence proffered by Plaintiff includes the functional capacity evaluation that tested Plaintiff's capacity as of the testing date, March 2016, and documents related thereto.  See d/e 40, pp. 6-27, 35-46, d/e 40-1, pp. 1-20.[2]  The evidence also includes notes from Plaintiff's obstetrician-gynecologist visit in March 2016 containing the doctor's observations of Plaintiff's spastic, uncontrolled movements on that date.  See d/e 40, pp. 28-33.  Finally, Plaintiff includes the medical records from an April

---

2 The pages at docket entry 40-1, pages 21-23 and 25 are illegible.  Page 24 appears to be a medical record for a "Well Woman Exam" in January 2016.  Page 26 contains only a notation that the document was electronically signed on March 11, 2016.

2016 emergency room visit for trigeminal neuralgia.  See d/e 40-1,
pp. 27-28; see http://www.mayoclinic.org/diseases-
conditions/trigeminal-neuralgia/basics/definition/CON-20043802
(defining trigeminal neuralgia as a chronic pain condition that
affects the nerve that carries sensation from the face to the brain)
(last visited October 17, 2016).

        All of the medical evidence Plaintiff seeks to submit is from
2016, more than three years after the administrative hearings and
approximately three years after the ALJ issued his decision.  None
of this evidence is probative of Plaintiff's condition during the
relevant time period, 2008 through 2012.  Medical records that
postdate the hearing and speak only to the plaintiff's current
condition do not constitute new and material evidence.  Schmidt,
395 F.3d at 742 (finding that evidence documenting the plaintiff's
condition one to three years after the ALJ's decision was not new
and material evidence because it could not have affected the
decision made years earlier).  If Plaintiff's condition has in fact
deteriorated, she may be entitled to file a new application; the
evidence is simply not relevant to her current application.  See

Getch, 539 F.3d at 484 (noting that if the plaintiff's impairments had worsened since his first application for benefits, he may submit a new application).

As for the remaining evidence Plaintiff seeks to submit—the journal article (d/e 40-1, pp. 29-40) and the diploma (d/e 40, pp. 34)—Plaintiff does not present any argument for why such evidence would be material.  Moreover, the journal article is from 2006 and was, therefore, available at the time of the administrative hearings in 2012.  See Schmidt, 395 F.3d at 741 (noting that evidence is new if it did not exist or was not available at the time of the administrative proceedings).

## IV. CONCLUSION

For the reasons stated, Plaintiff's Motion to Supplement the Record on Appeal (d/e 40) is DENIED.

ENTER: October 17, 2016

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE